UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ELVIN BERRY** | : | **DOCKET NO. 07-0807** |
| **VS.** | : | **JUDGE MINALDI** |
| **SWIFT LEASING COMPANY, MOHAVE TRANSPORTATION INSURANCE COMPANY AND CAROLYN CLARK** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

On March 30, 2007 Elvin Berry ("Berry") filed the instant suit in the 33rd Judicial District Court for the Parish of Allen, State of Louisiana. Made defendants were Swift Leasing Company ("Swift"), Mohave Transportation Insurance Company ("Mohave"), and Carolyn Clark ("Clark"). Plaintiff alleges that he was injured in his legs, head, wrist, neck, shoulders and back when an 18-wheeled vehicle driven by Clark veered into his lane of travel "causing him to leave the roadway and strike several trees and subsequently causing his truck to erupt into flames." Petition for Damages ¶ 3 [doc. # 1-2]. The truck was a total loss. *Id.* at ¶ 8. Swift owned the vehicle Clark was driving at the time of the accident, and Mohave was Swift's liability insurer. *Id*. at ¶ 7. The Plaintiff alleges that Mohave "refused to pay the property damage claim within the delays allowed by law" entitling him to statutory penalties and attorney's fees. *Id.* at ¶ 9. He seeks to recover for his damages including past, present and future pain and suffering, mental anguish and anxiety, medical bills, disability, and loss of enjoyment of life, as well as legal interest and all costs of the proceedings. *Id*. at ¶¶ 5, 9.

On May 8, 2007, the defendants removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332, 1441, 1446.  On May 25, 2007, the Plaintiff filed the instant motion to remand [doc. # 7] claiming that the requisite threshold amount for the exercise of diversity jurisdiction ($75,000+) is lacking.  The Plaintiff claims that Louisiana law requires pleading at least $50,000 in damages to invoke a right to a jury trial,[1] and that his petition is silent on the jurisdictional minimum and does not include a jury demand because he did not believe his damages would reach the $50,000 jury threshold amount.  Memorandum in Support of Motion to Remand [doc. # 7-2].

The matter is now before the court.[2]

In cases removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  "The defendant may make this showing in either of two ways:  (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'"  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing, *Luckett v. Delta Airlines, Inc.*, 171 F.3d. 295 (5th Cir. 1999)).

In the instant case, the Defendant alleges that it is facially apparent from the petition for damages that the Plaintiff's claims – including "'injuries to his legs, head, wrist, neck, shoulders

---

[1] "A trial by jury shall not be available in . . . [a] suit where the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs."  La. Code Civ. Proc. Ann. art. 1732(1) (2007); *Benoit v. Allstate Ins. Co.*, 2000-0424 (La. 11/28/00); 773 So. 2d 702;

[2] The motion to remand has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A)

and back,' and claims 'past, present and future pain and suffering, past, present and future mental anguish and anxiety; and past, present and future medical bills, disability, and loss of enjoyment of life'" are "likely [to] exceed[] $75,000.00, exclusive of interest and costs." Notice of Removal ¶ 5 [doc. # 1].

In Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. art. 893(A)(1) (as amended by Acts 2004, No. 334). However, "if a specific amount of damages is necessary to establish . . . the right to a jury trial, [or] the lack of jurisdiction of federal courts due to insufficiency of damages," the plaintiffs are now required to so allege in their petitions in general terms. *Id*. Here the Plaintiff did not allege his damages to be insufficient for federal jurisdiction, and thus, in effect, has conceded that the requisite jurisdictional amount is in controversy. This creates a "strong presumption" in favor of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 591 (1938). In any event the allegations of the plaintiff's petition make it facially apparent that the requisite amount is in controversy. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000) (Finding it "facially apparent" that damages claimed exceeded $75,000 where plaintiff alleged injuries to wrist, knee, and back along with damages for medical expenses, pain and suffering, mental anguish, loss of enjoyment of life, lost wages and earning capacity, and permanent disability and disfigurement.)

The Plaintiff argues that we should read the absence of a jury demand as an allegation that the damages sought are for less than the jury trial threshold amount. This we do not do. The absence of a jury demand does not tend to indicate that the amount in controversy is less than requisite amount. Furthermore, the Plaintiff has not argued nor otherwise established that it is

"legally certain" that his claims are for less than the requisite jurisdictional amount. *See, De Aguilar v. Boeing*, 47 F.3d 1404, 1411 (5th Cir. 1995).

Accordingly, the undersigned finds that the Defendant has shown that it is facially apparent that the amount in controversy exceeds $ 75,000. We may therefore properly exercise diversity jurisdiction. 28 U.S.C. § 1332.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 7] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on August 9, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE