U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

NOV - 1 2007

ROBERT H. SHEMWELL, CLERK
BY _____
          DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ELVIN BERRY | : | DOCKET NO. 2:07 CV 0807 |
| VS. | : | JUDGE MINALDI |
| SWIFT LEASING COMPANY, MOHAVE TRANSPORTATION INSURANCE COMPANY AND CAROLYN CLARK | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is a Report and Recommendation [doc. 10] issued by the Magistrate Judge, to which the plaintiff has objected [doc. 11]. The Report and Recommendation proposes denying the plaintiff's Motion to Remand [doc. 7].

A state court action may be removed to federal court under 28 U.S.C.A. § 1441. That statute provides in relevant part: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. *Id.* § 1332(a)(1). In this case, the complete diversity of the parties is undisputed. The parties dispute, however, whether the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332. *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 882 (C.A.5 (La.), 2000).

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper ." *Manguno v. Prudential Property and Cas. Insurance. Co.,* 276 F.3d 720, 723 (5th Cir.2002) (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995). "To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." *Manguno* at 723 (citing *Cavallini v. State Farm Mut. Auto Insurance. Co.,* 44 F.3d 256, 264 (5th Cir.1995)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno* at 723 (citing *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir.2000)). The plaintiff, Elvin Berry ("Berry"), argues that the defendants have not met their burden and have not proven that the amount in controversy meets the $75,000 threshold.

A court should refer to the state court petition to determine the amount in controversy. *See St. Paul Reinsurance Co. Limited. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998). However, Louisiana prohibits the specific pleading of damages. LA. CODE CIV. PROC. Art 893(A)(1). The Fifth Circuit held in *Manguno,* that "where, as here, the petition does not include a specific monetary demand, [the removing party] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." 276 F.3d at 723. "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of acts in controversy that support a finding of the requisite amount." *Id.* If the defendant meets its burden in either of these ways, the plaintiffs must then show to a legal certainty that their claims are really less than $75,000. *DeAguilar,* 47 F.3d at 1412.

The Magistrate Judge reasoned that it is facially apparent that the damages sought are likely

to exceed $75,000.00 because the plaintiff did not include a statement in his original petition that his damages were not sufficient to meet the jurisdictional amount per Louisiana Code of Civil Procedure Article 893 and because the plaintiff alleges that he injured his legs, head, wrist, neck, shoulders and back. Although the Magistrate Judge cited *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 290-292, 58 S.Ct. 586, 591 - 592 (U.S. 1938), neither the plaintiff nor this court found any cases which hold that the failure to affirm that the damages sought are below $75,000 makes it facially apparent that the requisite amount is in controversy. The Supreme Court in *St. Paul* stated that in the case of a suit instituted in a state court and then removed. :

> "There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end."

Procedural rules in effect in *St. Paul* required the plaintiff to allege a specific amount of damages, where in the case at bar, the plaintiff is precluded from making allegations of specific damages by Louisiana law.

Accordingly, using the current Fifth Circuit two-pronged test, this court finds that the defendants' argument fails for lack of evidence. First, it is not apparent on the face of the complaint that the claims are likely to exceed $75,000. The plaintiff does ask for damages for injuries to his injured his legs, head, wrist, neck, shoulders and back, but the defendant simply fails to carry its burden of proving jurisdictional amount. Unlike the defendant in *Manguno*, who provided an affidavit stating that the addition of costs would likely exceed the $75,000 marker, these defendants provide no such evidence. Without evidence, the court cannot find that the amount in controversy is clear from plaintiff's pleadings or that the defendant has produced "summary judgment" kind of

evidence. As such, the defendants' mere assertion in the removal that this particular case exceeds the jurisdictional amount fails and the court must remand the case.

## CONCLUSION

Removal requires establishment of federal jurisdiction. Because the defendant does not prove by a preponderance of the evidence that removal is proper, the court will sustain the plaintiff's objection to the Report and Recommendation, exercising jurisdictional caution in favor of remand. The Plaintiff's Motion to Remand will be GRANTED and the plaintiff's state law claims returned to the 33rd Judicial District Court, Allen Parish, Louisiana.

Lake Charles, Louisiana, this __1__ day of ~~October~~ Nov, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE